UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK DAMIANO : CIVIL ACTION NO. 3:00CV1383(CFD)
:
Plaintiff, :
V. :
:
WETHERSFIELD POLICE DEPARTMENT :
OFFICER JAMES DARVY, SERGEANT :
THOMAS, CHIEF JOHN KARANGEKIS :
and TOWN OF WETHERSFIELD :
Defendants, : October 27, 2003
:

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO EXCLUDE PORTIONS OF ALLARD TESTIMONY

### I. PRELIMINARY STATEMENT

The percent matter involves a claim of excessive force under 42 USC §1983. The plaintiff Frank Damiano has alleged, among other things, that the defendants used excessive force when arresting him on July 24, 2003. The defendants have disclosed an expert, Reginald Allard, and it appears that they will seek to elicit testimony from Mr. Allard regarding the plaintiff's injuries. The question regarding the validity of Defendant's expert testifying regarding accident reconstruction and/or the plaintiff's injuries is as follows: Is there a scientific or medical basis for a police consultant to make a determination, of absolute certainty, based upon viewing a damaged motor vehicle and photographs of Damiano's injuries, that the resulting injuries were in fact caused by a motor vehicle accident, or extrication therefrom, when, that expert is neither trained in medicine or in accident reconstruction?

There are two fundamental premises on which such a determination may be made and they are as follows:

1. A conclusion that a given individual came in contact with a specific part of an interior of a motor vehicle as a result of a motor vehicle collision, or extrication therefrom, requires the special skills, training, and knowledge of a qualified accident reconstructionist.

2. A conclusion that a specific injury is, or is not, consistent with a certain cause requires the special skills, training, and knowledge of a qualified medical specialist.

The defendant simply cannot demonstrate the various indicia of scientific reliability set forth by the Supreme Court in <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L. Ed. 2d 469 (1993) and the Third Circuit in <u>United States v. Downing</u>, 753 F.2d 1224, 1237-42 (3d Cir. 1985).

<u>II. There is no acceptable Methology or Testing for the preferred opinions</u>

The, defendant failure to seek the services of a qualified accident reconstructionist to test the premise that defendant's body came into contact with some part of his vehicles interior in the course of a motor vehicle collision, or extrication from his motor vehicle, prohibits the defendant from now entering into evidence the testimony of a Police Consultant on this issue. Moreover, the defendant failure to seek the services of a qualified medical specialist to test the premise that Damiano's injuries were caused somehow by way of a motor vehicle collision or extrication therefrom prohibits the defendant from now entering into evidence the testimony of a Police Consultant on that issue, when no methodology can be set forth by someone who is in the wrong field of expertise.

The <u>Daubert</u> Court suggested five factors that trial courts may consider in determining whether proffered expert testimony is scientifically valid. <u>The first factor is whether the "theory or technique . . . can be (and has been) tested."</u> (Emphasis added) <u>Id.</u> at 593, 113 S. Ct. at 2796.

2

As the Court recognized, empirical testing is the primary criteria of science:

> Scientific methodology today is based on generating hypotheses and testing them to see if they can be falsified; indeed, this methodology is what distinguishes science from other fields of human inquiry. The statements constituting a scientific explanation must be capable of empirical test. The criterion of the scientific status of a theory is its falsifibility, or testability.

Id. at 593, 113 S. Ct. at 2796-97 (internal quotations and citations omitted).

A second closely related factor that the Daubert Court suggested should "ordinarily" be considered is the "known or potential rate of error" (Emphasis added) of the particular technique. Id. at 594, 113 S. Ct. at 2797. In this regard, the Court cited the Seventh Circuit's decision in United States v. Smith, 869 F.2d 348, 353-354 (7th Cir. 1989), in which the Seventh Circuit surveyed studies concerning the error rate of spectograghic voice identification techniques. Id.

A third factor pointed to by the Court is the "existence and maintenance of standards controlling the technique's operation." Id. (Emphasis added). As an example, the Supreme Court cited in United States v. Williams, 583 F.2d 1194, 1198 (2d Cir. 1978), in which the Court observed that the "International Association of Voice Identification . . . requires that ten matches be found before a positive identification can be made." Id.

Fourth, the Daubert Court held that "general acceptance can . . . have a bearing on the inquiry." (Emphasis added) Id. "A reliability assessment does not require, although it does permit, explicit identification of a relevant scientific community and an express determination of a particular degree of acceptance within that community." Id. (quoting United States v. Downing, 753 F.2d 1224, 1242 (3d Cir. 1985)). As the Court recognized, "widespread acceptance can be an important factor in ruling particular evidence admissible and a 'known

3

technique which has been able to attract only minimal support within the community' . . . may properly be viewed with skepticism." Id. (quoting Downing, 753 F.2d at 1238)).

Finally, in Daubert the Court recognized that an additional factor which may be considered "is whether the theory or technique has been subjected to peer review and publication" (Emphasis added) Id. at 593, 113 S. Ct. at 2797. As the Court recognized, "submission to the scrutiny of the scientific community is a component of 'good science,' in part because it increases the likelihood that substantive flaws in methodology will be detected." Id. Accordingly, "[t]he fact of publication (or lack thereof) in a peer reviewed journal . . . [is] a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised." Id. at 594, 113 S. Ct. at 2797.

III. Allards Opinions on Damiano's Injuries Should not be Admissible at Trial

In providing the above factors, the Supreme Court emphasized that the inquiry under Federal Rule of Evidence 702 is a "flexible one" and that, as such, additional factors may be considered. Id. Several such additional factors have been suggested in the cases below:

> (1) the relationship of the technique to methods which have been established to be reliable;
> (2) the qualifications of the expert witness testifying based on the methodology;
> (3) the non judicial uses to which the method has been put.

United States v. Downing, 753 F.2d 1224, 1238-39 (3d Cir. 1985); see also In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 n.8 (3d Cir. 1994).

As such, the defendants' proposed police expert, in laying out an opinion which intersects the areas accident reconstruction and medical evidence fails with respect to each and every factor

4

that has been identified by the Supreme Court in the <u>Daubert</u>. That such opinion or correlation as evidence has no grounding in scientific fact, but instead would be based on speculation and cannot in any meaningful way be relevant and admissible in the above-captioned matter.

IV. Conclusion Thereford, for all the foregoing reasons, plaintiff Frank Damiano, respectfully requests a Daubert hearing relative to these issues.

PLAINTIFF, FRANK DAMIANO

By _____
Matthew E. Willis
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011-0575
(860) 583-5200
Federal Bar No.: 24013

His Attorneys

## CERTIFICATION

This certifies that a copy of the foregoing was mailed, postage prepaid, on this 27th day of October, 2003 to::

James N. Tallberg, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277


_____
Matthew E. Willis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK DAMIANO | : CIVIL ACTION NO. 3:00CV1383(CFD) |
| Plaintiff, | : |
| V. | : |
| WETHERSFIELD POLICE DEPARTMENT | : |
| OFFICER JAMES DARVY, SERGEANT | : |
| THOMAS, CHIEF JOHN KARANGEKIS | : |
| and TOWN OF WETHERSFIELD | : |
| Defendants, | : October 27, 2003 |

## MOTION TO PROHIBIT DEFENDANT FROM IMPEACHING PLAINTIFF BY USE OF PRIOR CONVICTIONS

HON. CHRISTOPHER F. DRONEY
DISTRICT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

COMES NOW, the plaintiff and moves this Court for an Order, pursuant to the Fourteenth Amendment to the Constitution, United States v. Pitre, 960 F.2d 1112, 1118 (2d Cir. 1992); and, United States v. Tubol, 191 F.3d 88, 95 (2d Cir. 1999) granting him an order preventing the defendant from using against him, during the trial of this case, plaintiffs prior convictions to impeach his credibility during his testimony. Such crimes will not aid the jury on the issue of credibility since they were not crimes related to credibility. To allow it into evidence would risk the jury finding the defendant guilty, not because they questioned his credibility but because they considered him a "bad person" prone to commit this type of crime.